```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
SARAH MUND,                                                 :
                                                            :
                              Plaintiff,                    :
                                                            :   **MEMORANDUM DECISION**
                - against -                                 :   **AND ORDER**
                                                            :
TRANSUNION and CITIMORTGAGE,                                :    18-cv-6761(BMC)
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York General Business Law ("NYGBL") § 349. Plaintiff has settled her claims against defendant Transunion. Defendant CitiMortgage, Inc. has moved to dismiss the remainder of plaintiff's claims.

## BACKGROUND

The following facts are assumed true for the purpose of this motion and are construed in the light most favorable to plaintiff.

Plaintiff had an account with CitiMortgage, and at some point, defendant began to collect an alleged debt from plaintiff related to that account.

Plaintiff received a credit report from Transunion, which showed that plaintiff's account with defendant was reporting late. The relevant portion of the credit report is excerpted below.[1]

---

[1] In connection with its motion to dismiss, defendant filed an affidavit attaching the credit report, which plaintiff neither annexed to her complaint nor explicitly incorporated by reference. The Court can still consider this report. "'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment."

> CITIMORTGAGE INC #200524**** ( PO BOX 6243, SIOUX FALLS, SD 57117-6243, (800) 283-7918 )
> We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: **Rating**. Here is how this account appears on your credit report following our investigation.
>
> Date Opened: 03/25/2008   Balance: $0   Pay Status: >Account 120 Days Past Due Date<
> Responsibility: Individual Account   Date Updated: 10/27/2015
> Account Type: Mortgage Account   Last Payment Made: 07/01/2013   Terms: $4,213 per month, paid Monthly for 360 months
> Loan Type: CONVENTIONAL REAL ESTATE MTG   High Balance: $625,875
> Date Closed: 10/27/2015
> >Maximum Delinquency of 120 days in 10/2013 and in 10/2015<
>
> Remarks: ACCT INFO DISPUTED BY CONSUMR; TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE
> Estimated month and year that this item will be removed: 06/2020

Plaintiff wrote a dispute letter to Transunion, which asked Transunion to correct the spelling of her name and said that the report included an incorrect account status. Specifically, plaintiff wrote: "This account is reporting the wrong status. It states that the account is currently past due 120 days. This is not correct, it cannot be currently late. The balance clearly shows $0. Further, I think the account was transferred which also means it's impossible for it to be currently late with this creditor. This is hurting my credit." Plaintiff demanded that Transunion remove this inaccurate information.

Transunion sent plaintiff a letter in response, which informed plaintiff that Transunion investigated the disputed line and updated the information. But the account was still reporting late, so plaintiff wrote Transunion another dispute letter: "This account is reporting the wrong status. It states that the account is currently past due. This is not correct, it cannot currently be late. The balance clearly shows $0. Further, I think the account was transferred which also means it's impossible for it to be currently late with this creditor. This is hurting my credit."

Transunion sent plaintiff a second response letter, which stated that it investigated plaintiff's dispute and updated the account. But plaintiff's account is still reporting as shown in the above excerpt.

---

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)).

As relevant here, plaintiff alleges that defendant negligently failed to conduct a proper investigation into the accuracy of the information it provided to Transunion about plaintiff's account.[2]

**DISCUSSION**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (internal quotation marks, citations, and alterations omitted).

**I.    FCRA Claim**

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). "The FCRA creates a private right of action . . . for the negligent or willful violation of any duty imposed under the statute." Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474 (2d Cir. 1995); see 15 U.S.C. §§ 1681n(a); 1681o. "A plaintiff may recover actual, punitive, or statutory damages for willful violations, but may recover only

---

[2] Although the complaint does not include any indication that plaintiff alleges defendant willfully violated the FCRA, the Court agrees with defendant that to the extent plaintiff does attempt to claim that defendant's conduct was willful, that claim is dismissed in light of the absence of any factual allegations tending to show willfulness with respect to CitiMortgage specifically.

3

actual damages for negligent violations." Ritchie v. N. Leasing Sys., Inc., 14 F. Supp. 3d 229, 234 (S.D.N.Y. 2014). As noted above, plaintiff alleges that defendant has negligently violated the FCRA.

"When a consumer disputes information contained in his or her credit report to a credit reporting agency, the FCRA requires that credit reporting agency notify the entity that furnished the disputed information of the consumer's dispute." Jenkins v. AmeriCredit Fin. Servs., Inc., No. 14CV5687, 2017 WL 1325369, at *4 (E.D.N.Y. Feb. 14, 2017).

Under 15 U.S.C. § 1681s-2(b), after receiving notice of a dispute regarding the completeness or accuracy of information provided by a person (or entity) to a consumer reporting agency, the person (or entity) who provided the disputed information must conduct an investigation, review relevant information provided by the consumer reporting agency, report the results of the investigation to the consumer reporting agency, report any inaccuracies to all other consumer reporting agencies to which the information was provided, and promptly modify, delete, or block the reporting of that information. In sum, § 1681s-2(b) "imposes a duty on furnishers of information to investigate disputed information after receiving notice of a dispute concerning the completeness or accuracy of information from a [consumer reporting agency]." Jenkins, 2017 WL 1325369, at *6.

"A claim is stated pursuant to that section, however, only if plaintiff shows that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" Markovskaya v. Am. Home Mortg. Servicing, Inc., 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012). Defendant does not dispute that Transunion provided it with notice of plaintiff's dispute, so only the second prong is at issue here.

Courts in the Second Circuit apply a "reasonable investigation" standard to determine whether a furnisher of information has satisfied its obligations under 15 U.S.C. § 1681s-2(b). Under that standard, furnishers of information "satisfy their investigation obligations under the FCRA by reviewing information provided by the consumer reporting agency, investigating, and reporting any inaccuracies to all consumer reporting agencies to which the furnishers provide information." Jenkins, 2017 WL 1325369, at *6 (internal quotation marks, citations, and alterations omitted). "The FCRA does not require that a furnisher of information delete a consumer's disputed account upon receiving a notice of dispute, but rather, 'simply requires the furnisher of information to investigate and to report information from the investigation." Id.

Defendant argues that plaintiff has not plead facts showing that it reported any incorrect information about plaintiff's account. Instead, defendant argues that plaintiff is trying to get CitiMortgage to stop reporting that plaintiff's account was 120 days delinquent from October 2013 to October 2015, which defendant claims would be an inaccurate depiction of her account history.

Defendant claims that the credit report as written actually provides an accurate – and therefore necessary – picture of plaintiff's loan history with CitiMortgage. Specifically, defendant argues that the "Pay Status" line does not provide that the account is *currently* 120 days past due, which would be inaccurate. Rather, defendant argues that the "Pay Status" line, when read in conjunction with the details below it, clearly indicates that the 120-day delinquency occurred in October 2013 and October 2015, which is accurate. According to defendant, this is further clarified by the line entry explaining that plaintiff's loan was transferred to another lender and closed on October 27, 2015 with a $0 balance with CitiMortgage. Because this information was verified as accurate, the "Pay Status" line was not changed.

5

This might be true as a technical matter. But reporting information which is factually accurate but "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions" still constitutes a violation of § 1681s-2(b). Kilpakis v. JPMorgan Chase Fin. Co., LLC, 229 F. Supp. 3d 133, 141-42 (E.D.N.Y. 2017) (collecting cases). Plaintiff's complaint states such a claim, if not directly, then in the alternative. Her point is that, even if this information is factually or technically accurate, the way in which that information appears on the credit report is misleading in a material way to potential lenders. This is enough to withstand defendant's motion to dismiss. See Hillis v. Trans Union, LLC, 969 F. Supp. 2d 419, 421 (E.D. Pa. 2013) ("If [p]laintiff can prove that [defendant's] reporting was misleading enough to cause him harm, he may have an actionable claim under the FCRA. At this early stage in the litigation, this Court is not prepared to rule, as a matter of law, that he does not.").

Defendant also argues that plaintiff has failed to show that she was injured by any purportedly inaccurate reporting by defendant. To prevail on a claim under the FCRA, the plaintiff "must prove that inaccurate information in a credit report caused him harm." Jenkins, 2017 WL 1325369, at *7.

Defendant argues that because plaintiff fails to allege that she suffered a credit denial or similarly adverse event, and because plaintiff only provides conclusory allegations that she suffered mental anguish, humiliation, and embarrassment as a result of this credit report, plaintiff's complaint has failed to adequately allege harm under the FCRA. This argument also fails. Plaintiff alleges that if a creditor believed, based on the credit report, that plaintiff's account was currently reporting late, then the creditor might consider plaintiff a higher credit risk

and adjust its lending decisions accordingly.³ Assumed to be true and construed in the light most favorable to her, plaintiff has alleged enough harm to state a claim under the FCRA. See Kilpakis, 229 F. Supp. 3d at 142 ("In fact, at least according to the [complaint], this information could, and did adversely impact the [p]laintiff's credit rating and access to a home mortgage. In the Court's view, this is sufficient to pass Rule 12(b)(6) muster.") (internal citations omitted).

Defendant's reliance on Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 475 (2d Cir. 1995), is unavailing. Although the Second Circuit stated that a plaintiff cannot recover for pain and suffering under the FCRA "when he has failed to show that any creditor or other person ever learned of the derogatory information from a credit reporting agency," it did so in the context of a motion for summary judgment, not a motion to dismiss. This holding might very well become relevant in the next stage of this litigation, but as for defendant's motion to dismiss, it does not change anything. At this point, plaintiff has advanced sufficient factual allegations to state a claim under the FCRA.

## II. NYGBL Claim

New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service" in New York State. "To state a claim for relief under that statute, a plaintiff must demonstrate that the complained-of action is consumer-oriented, misleading in a material way, and that the plaintiff suffered as a result of the deceptive act." Dickman v. Verizon Commc'ns, Inc., 876 F. Supp. 2d 166, 174 (E.D.N.Y. 2012).

---

³ As defendant acknowledges, during the initial status conference in this matter, plaintiff represented that she refrained from applying for credit because she thought the "Pay Status" line would cause lenders to reject her application.

7

Defendant argues that plaintiff's NYGBL § 349 claim is preempted by the FCRA. Two sections of the FCRA are relevant to this argument. Section 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, . . . except as to false information furnished with malice and willful intent to injure such consumer." Section 1681t(b)(1)(F) preempts any state law claim "with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."

The Second Circuit has explained that "the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption." Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 48 (2d Cir. 2011). As was the case in Macpherson, plaintiff's NYGBL claim is preempted by the plain language of § 1681t(b)(1)(F).

Having determined that plaintiff's NYGBL claim is preempted by the FCRA, the Court need not address defendant's argument on the merits of the claim itself.

## CONCLUSION

Accordingly, defendant's [17] motion to dismiss is denied with respect to plaintiff's FCRA claim and granted with respect to plaintiff's NYGBL claim.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 27, 2019

                                             U.S.D.J.